[Cite as *Van Pelt v. Van Pelt*, 2016-Ohio-2660.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

CHRISTOPHER VAN PELT

    Plaintiff-Appellee

v.

DANIELLE VAN PELT

    Defendant-Appellant

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 26828

Trial Court Case No. 2013-DR-802

(Appeal from Domestic Relations
Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2016.

. . . . . . . . . . .

KENT J. DEPOORTER, Atty. Reg. No. 0058487, 7501 Paragon Road, Dayton, Ohio
45459
    Attorney for Plaintiff-Appellee

DAVID M. MCNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A,
Dayton, Ohio 45431
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Danielle Van Pelt appeals from the August 7, 2015

order of the Montgomery Court of Common Pleas, Division of Domestic Relations, designating plaintiff–appellee Christopher Van Pelt as the residential parent of the parties' child for school purposes. Ms. Van Pelt contends that the order constitutes an abuse of discretion.

{¶ 2} We conclude that there is competent, credible evidence in the record to support the trial court's finding that the best interest of the child is served by designating Mr. Van Pelt as residential parent for school purposes. Accordingly, the judgment of the trial court is Affirmed.

## I. Factual Background

{¶ 3} The parties were married on September 8, 2007. They have one minor child as a result of their union. Mr. Van Pelt filed a complaint for divorce in July 2013. Following their separation, Mr. Van Pelt remained in the marital residence located in Vandalia. Ms. Van Pelt moved to Springfield, where she resided with her mother until approximately April 2015, at which time she leased a two-bedroom condominium in Springfield.

{¶ 4} The parties were divorced on May 5, 2015. They entered into a shared parenting agreement at that time. The agreement provided that "both [parties] shall be considered the residential and custodial parent of the minor child." The agreement also provided that the parties would alternate parenting time on a weekly basis. By design, the agreement did not state which parent would be designated as residential parent for school purposes, noting that the issue would be determined by the court following a hearing.

{¶ 5} On July 22, 2015, the court held a hearing on the residential-parent issue. Thereafter, the court entered an order designating Mr. Van Pelt as the residential parent for school purposes.   Ms. Van Pelt appeals.

**II. There Is Evidence in the Record to Support the Trial Court's Finding**

**that Designation of the Father as the Residential Parent for School**

**Purposes Is in the Child's Best Interest**

{¶ 6} Ms. Van Pelt's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT

PLAINTIFF/APPELLEE SHOULD BE DESIGNATED AS RESIDENTIAL

PARENT FOR SCHOOL PURPOSES UNDER THE PARTIES' SHARED

PARENTING PLAN.

{¶ 7} Ms. Van Pelt contends that the trial court's finding that it is in the child's best interest to designate Mr. Van Pelt as residential parent for school purposes is not supported by the evidence.

{¶ 8} A trial court has broad discretion in custody matters, and its decision regarding such issues should not be reversed absent an abuse of that discretion.  *In re E.L.C.*, 12th Dist. Butler No. CA2014-09-177, 2015-Ohio-2220.   The term "abuse of discretion" connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   In determining the best interest of the child, the trial court considered the following factors set forth in R.C. 3109.04(F)(1):

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights[.]

{¶ 9} Both parents wish to be named residential parent for school purposes. Ms. Van Pelt wishes to have the child attend school at a particular system in Springfield, although she admits that she has no involvement in, or knowledge about, that school system. Mr. Van Pelt wishes to have the child attend a private school which he attended as a child. The child was not interviewed by the court; the Guardian ad Litem for the child recommended that Mr. Van Pelt be appointed residential parent for school purposes. The child is bonded to both parents. He is also bonded to his paternal grandmother, who lives in the father's residence.

{¶ 10} In applying the best interest factors set forth in R.C. 3109(F)(1), the trial court determined that Mr. Van Pelt is presently more stable than Ms. Van Pelt, and that

he has a better support system than Ms. Van Pelt. The trial court further found that the child is assimilated in Mr. Van Pelt's home and community, where he has lived since birth. The trial court further noted that Ms. Van Pelt had gone to the father's choice of school, and had informed the staff that she was the child's custodial parent, and that they could not enroll the child. She also enrolled the child in counseling without informing Mr. Van Pelt.

{¶ 11} Ms. Van Pelt's place of employment is about 35 minutes from her home. Her work schedule fluctuates. She testified that she may work from 8:00 a.m. to 8:00 p.m., 8:00 a.m. to 5:00 p.m., or 9:00 a.m. to 6:00 p.m., Monday through Friday, except that she does not work on Tuesdays. She testified that her mother, who receives disability payments, is available to watch the child while she is at work. Mr. Van Pelt currently works about twelve minutes from his residence. He works 3:00 p.m. until 11:00 p.m., but can change that schedule to the 11:00 p.m. to 7:00 a.m. shift. He testified that his mother watches the child when he is at work. Both parties noted that the paternal grandmother has been active in caring for the child since his birth. Mr. Van Pelt's father and aunt both live on his street. His home is five minutes away from his choice of school. The child's pediatrician and dentist are located in the same area.

{¶ 12} The issue before the trial court was close. We conclude that the trial court's decision is neither arbitrary, unreasonable, nor unconscionable. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 13} The sole assignment of error being overruled, the order of the trial court

designating Mr. Van Pelt as the residential parent for school purposes is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.


Copies mailed to:

Kent J. DePoorter
David M. McNamee
Hon. Timothy D. Wood